Opinion issued December 15, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01039-CR

NO.
01-10-01040-CR

———————————

Jeramie Garrett,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 10th District Court

Galveston
County, Texas



Trial Court Case Nos. 10CR1020 &
10CR1021

 



 

MEMORANDUM OPINION

Appellant, Jeramie Garrett, was charged in
two separate indictments with possession with intent to deliver Phencyclidine
in an amount of four grams or more but less than 200 grams[1]
and possession of less than one gram of cocaine.[2]  Following the trial court’s denial of
appellant’s motion to suppress, appellant pleaded guilty to each offense in
accordance with a plea agreement.  The
trial court assessed punishment at 8 years’ confinement on each charge, with
the sentences to run concurrently.  The
trial court then suspended the sentences and placed appellant on community
supervision.  In one issue, appellant
argues in each appeal that the trial court erred by denying his motion to
suppress.

We affirm the judgment in each appeal.

                                                                                                                                                                
Background

On April 1, 2010, the Texas City Police Department was
engaged in an operation to police high-crime areas where the city had received
complaints about crimes, such as narcotics trafficking.  During the operation, Officer J. Thorn was at
an apartment complex called the Mainland Crossing Apartments.  He was engaged in a narcotic investigation
with a number of other officers when he saw appellant, driving a Cadillac, turn
from a public street into the apartment complex.  Officer Thorn testified that he saw appellant
fail to signal his turn before turning into the apartment complex.  Specifically, he first testified as follows:

Q.      Did
you make any observations about the Cadillac?

A.      I did.
As the Cadillac was turning into the complex from Highway 3, I could see that
the vehicle did not use its blinker.

Later, Officer Thorn also testified as follows:

Q.      Officer
Thorn, were you able to see the car that we’ve been talking about fail to
signal as it turned into the parking lot?

A.      Yes,
ma’am.

Q.      With
the light and the time of day, is there any doubt in your mind that the car
failed to signal its turn?

A.      No,
ma’am.

Once appellant made the turn, Officer Thorn observed
appellant notice the number of police officers and patrol cars in the apartment
complex.  Officer Thorn then observed
appellant making unusual movements inside the car.  It appeared to Officer Thorn that appellant,
upon seeing the officers in the apartment complex, was trying to hide something
in the car.

Officer Thorn was on foot and not in a position to pull
appellant over, so he radioed for another officer at the complex to pull the
car over, indicating that he had observed appellant trying to hide something.  Corporal D. Grandstaff heard the request and
pulled appellant over.  

After appellant was unable to produce a driver’s license,
Corporal Grandstaff determined that appellant’s license had been revoked.  Corporal Grandstaff then arrested
appellant.  The drugs were subsequently
discovered.

Appellant filed a motion to suppress, arguing that the
officers lacked probable cause for the stop. 
The trial court denied appellant’s motion to suppress.  In its findings of facts and conclusions of
law, the trial court found, in pertinent part:

11.     During
[the operation at the apartment complex], Defendant turned into the Apartments
driving a Cadillac and failed to use his turn signal, in violation of the
traffic laws of the State of Texas.  This
violation was witnessed by Officer Thorn.

. . .

13.     Defendant
made furtive movements upon seeing the flashing police lights, as observed by
Officer Thorn.

14.     . . .  Officer Thorn in his training and experience
believed the defendant might be grabbing a weapon or hiding contraband with his
movements.

The trial court also made the following conclusions of law,
in pertinent part:

8.       . . .  Officer Thorn had reasonable suspicion (and
in fact probable cause) to stop Defendant in his vehicle based on Defendant’s
failure to signal his turn to the Apartments.

9.       Officer
Thorn also had reasonable suspicion to stop Defendant based on the Defendant’s
furtive movements inside the Cadillac upon seeing police lights and in light of
the high crime area where these events took place.

                                                                                                                                                  
Motion to Suppress

In one issue, appellant argues the trial court erred by
denying his motion to suppress. 
Appellant argues Officer Thorn lacked probable cause for the stop.

A.              
Standard of Review

We review a trial court’s ruling on a motion to suppress
evidence under a bifurcated standard of review. 
Amador v. State, 221 S.W.3d
666, 673 (Tex. Crim. App. 2007).  In
reviewing the trial court’s decision, we do not engage in our own factual
review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.  Wiede v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).  Therefore, we give almost total deference to
the trial court’s rulings on (1) questions of historical fact, even if the
trial court’s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application-of-law-to-fact questions that
turn on an evaluation of credibility and demeanor.  See Amador,
221 S.W.3d at 673.  But when
application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court’s rulings on those
questions de novo.  Id.

Stated another way, when reviewing the trial court’s
ruling on a motion to suppress, we must view the evidence in the light most
favorable to the trial court’s ruling.  Wiede, 214 S.W.3d at 24.  When, as here, the trial court enters
findings of fact after denying a motion to suppress, we must determine whether
the evidence—viewed in the light most favorable to the trial court’s decision—supports
the findings.  State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 
We then review the trial court’s legal ruling de novo unless its
explicit fact findings that are supported by the record are also dispositive of
the legal ruling.  Id.  We must uphold the trial
court’s ruling if it is supported by the record and correct under any theory of
law applicable to the case, even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

B.              
Analysis

Appellant argues that the motion to suppress should have
been granted because there was no probable cause for the stop.  “An officer may conduct a brief investigative
detention, or ‘Terry stop,’ when he
has a reasonable suspicion to believe that an individual is involved in criminal
activity.”  Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)
(quoting Terry v. Ohio, 392 U.S. 1, 21–22,
88 S. Ct. 1868, 1880 (1968)).  The
reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances and will be justified when the detaining officer
has specific, articulable facts, which, taken together with rational inferences
from those facts, lead him to conclude that the person detained actually is,
has been, or soon will be engaged in criminal activity.  Id.  

One basis for the Terry
stop asserted by the State is that appellant failed to signal his turn from the
public roadway into the apartment complex. 
When a driver is required to signal a turn or stop, he can do so either by
using his hand and arm or by using the signal lamps on his vehicle.  Tex.
Transp. Code Ann. § 545.106(a) (Vernon 2011).  It is undisputed by the parties that
appellant made a turn that required signaling. 
See Mahaffey v. State, 316
S.W.3d 633, 639 (Tex. Crim. App. 2010) (defining turn that requires use of
signal as “to turn the vehicle from a direct course of the roadway”).  Instead, appellant argues that the evidence
is insufficient to establish that he failed to signal his turn.

Appellant’s argument relies on the portion of the
testimony where Officer Thorn testified that he could see that appellant did
not use his blinker.  As appellant points
out, using the signal lamp on his vehicle is only one of two ways to signal a
turn.  See Tex. Transp. Code Ann.
§ 545.106(a).  Because this
testimony did not exclude the other way to signal a turn, appellant argues,
this testimony was insufficient as a basis for a Terry stop.  Appellant’s
argument, however, overlooks Officer Thorne’s subsequent testimony that
appellant had failed to signal his
turn.  This testimony was not limited to
appellant’s failure to use his blinker.

Appellant also argues that simply testifying that a person
failed to signal is too conclusory, relying on Castro v. State, 202 S.W.3d 348 (Tex. App.—Fort Worth 2006), rev’d, 227 S.W.3d 737 (Tex. Crim. App.
2007).  The court in Castro held that a statement by a non-testifying officer that the
defendant had failed to use his signal was insufficient to establish specific,
articulable facts that the defendant had engaged in a traffic violation.  Id.
at 359.

As the State points out, however, appellant fails to
acknowledge that this holding was overruled by the Court of Criminal
Appeals.  Castro v. State, 227 S.W.3d at 742–43.  Specifically, the court held, “[I]n cases
involving offenses such as failure to signal a lane change, a court can
determine whether an officer’s determination that a driver committed a traffic
violation was objectively reasonable without being presented with a detailed
account of the officer’s observations.”  Id. at 742.

In its findings of fact and conclusions of law, the trial
court found that appellant “failed to use his turn signal.”  It does not address whether appellant failed
to signal his turn with his hands.  In
its conclusions of law, however, it concludes that Officer Thorn had reasonable
suspicion to stop appellant based on his “failure to signal his turn into the
Apartments.”  “Despite the lack of an
explicit factual finding, we still must view the totality of the facts in the
light most favorable to the trial court’s ultimate ruling.”  Valtierra
v. State, 310 S.W.3d 442, 449–50 (Tex. Crim. App. 2010).  Accordingly, because the trial court
concluded that appellant failed to signal his turn and because the record
supports this conclusion, there is an implied finding that appellant failed to
signal with his hand and arm in addition to failing to use the signal lamp on
his car.

We hold there is sufficient evidence in the record to
support the trial court’s determination that appellant failed to signal his
turn and that this was a sufficient basis to support the Terry stop.  Because this was
a sufficient basis, we do not need to consider appellant’s other argument that
Officer Thorn’s testimony about his observations of appellant’s behavior after
seeing the police was insufficient to support a basis for the Terry stop.  See
Tex. R. App. P. 47.1 (requiring
appellate courts to address every issue raised and necessary to final
disposition of the appeal).

We overrule appellant’s sole issue in each appeal.

                                                                                                                                                                   
Conclusion

We affirm the judgments of the trial court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           Tex. Health &
Safety Code Ann. §§ 481.102(8), .112(a), (d) (Vernon 2010).

 





[2]           Id.  §§ 481.102(3)(D), .115(a), (b) (Vernon
2010).